STATE OF LOUISIANA            *        NO. 2023-K-0636

VERSUS                       *        COURT OF APPEAL

DONALD FRANKLIN              *        FOURTH CIRCUIT

                             *        STATE OF LOUISIANA

                             *

                             *
                    * * * * * * *

*SCJ*

**JENKINS, J., DISSENTS WITH REASONS**

I respectfully dissent.  From my review of the writ and applicable jurisprudence, I find the trial court abused its discretion in granting defendant's oral motion in limine to exclude the statement at issue.

There are exceptions to the general rule, under La. C.E. art. 404(B)(1), that other crimes, wrong, or acts of a defendant are inadmissible to show that a defendant is a person of bad character who has acted in conformity therewith. Under the *res gestae* exception, the State may introduce evidence of other wrongs or acts when the conduct "constitutes an integral part of the act or transaction that is the subject of the present proceeding."  La. C.E. art. 404(B)(1).  This Court discussed the *res gestae* exception as follows:

> The Louisiana Supreme Court has interpreted the *res gestae* exception broadly, concluding that the exception includes 'not only spontaneous utterances and declarations made before or after the commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed before, during, or after the commission of the crime if the continuous chain of events is evident under the circumstances.'  This exception also incorporates a rule of narrative completeness by which, 'the prosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant's legal fault.'

1

*State v. Falkins*, 12-1654, p. 20 (La. App. 4 Cir. 7/23/14), 146 So.3d 838, 851-52 (internal citations omitted).

In this case, the record reflects the victim recounted the statement at issue to the police investigators as part of the narrative of the ongoing sexual abuse by defendant that she endured over a period of time. The statement at issue by defendant was made during the commission of the criminal acts to entice the victim to perform sex acts on the defendant. From my review, I find this statement clearly falls within the *res gestae* exception to inadmissible other acts evidence. Moreover, I find the trial court abused its discretion in granting the oral motion in limine to exclude the statement. Accordingly, I would grant the State's writ and reverse the ruling.